IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:12-CV-2133-D |
| | § | |
| STERLING WESLEY HARRIS, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| and | § | |
| | § | |
| SAVINGS BOARD OF THE NFL | § | |
| PLAYER SECOND CAREER, | § | |
| | § | |
| Garnishee. | § | |

MEMORANDUM OPINION
AND ORDER

I

In this garnishment action, defendant Sterling Wesley Harris ("Harris") challenges

the government's garnishment of his interest in the Savings Board of the NFL Player Second

Career, a profit sharing plan account of the National Football League.  Harris contends that

the account is exempt under 26 U.S.C. § 6334(a)(6), requests a hearing and appointed

counsel, and requests that the action be transferred to the Eastern District of Texas, where

he is currently incarcerated.  The court denies the requests for a hearing, appointed counsel,

and transfer, but it will permit Harris to demonstrate, if he can, that the account is exempt

from garnishment.[*]

## II

Harris' request for a hearing is denied.  Under 28 U.S.C. § 3202(d), a defendant may request a hearing in a garnishment action, but

> [t]he issues at such hearing shall be limited—(1) to the probable validity of any claim of exemption by the judgment debtor; (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to—(A) the probable validity of the claim for the debt which is merged in the judgment; and (B) the existence of good cause for setting aside such judgment.

*Id.*  There is no need for a hearing at this time because the question in this case—whether the NFL profit sharing plan account is exempt under 26 U.S.C. § 6334(a)(6)—is one of law that does not require a hearing.

## III

Harris is not entitled to appointed counsel in this civil case, and his request is denied. As one court recently explained:

---

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

> Although this garnishment action arises out of a criminal
> judgment, garnishment proceedings in general, and in this case,
> are civil in nature.  Garnishment is a statutory proceeding
> whereby the property, money, or credits of a debtor in the
> possession of another are applied to the payment of the debt.  It
> is well-established that there is generally no constitutional right
> to counsel in civil cases.  There is also no constitutional right to
> appointed counsel to defend a civil claim.

*United States v. Howard*, 2012 WL 1899862, at *2 (D. Ariz. May 24, 2012) (citations,

quotation marks, and brackets omitted); *see United States v. Littlewind*, 2010 WL 703140,

at *1 (D.N.D. Jan. 27, 2010) ("This Court's research has identified no caselaw establishing

a right to appointed counsel in garnishment proceedings, and therefore recommends that that

request be denied."), *rec. adopted*, 2010 WL 703136 (D.N.D. Feb.19, 2010).

IV

Because the court is denying Harris' request for hearing, there is no need to transfer

this action to the Eastern District of Texas.  Harris' challenge to the garnishment action

presents a question of law that can be decided on the papers, and Harris can file pleadings

in this court just as easily as he can in the Eastern District of Texas since he will be

transmitting them by mail in either case.

V

Harris has the burden of proving that an exemption to garnishment applies.  *See* 28

U.S.C. § 3205(c)(5) and 28 U.S.C. § 3014(b)(2); *see also United States v. McKnight*, 2012

WL 5336165, at *1 (W.D. Tex. Oct. 26, 2012) (citing 28 U.S.C. § 3205(c)(5)); *United States*

*v. King*, 2012 WL 1080297, at *3 (E.D. Pa. Apr. 2, 2012) (citing 28 U.S.C. § 3014(b)(2)).

Although Harris filed a November 3, 2012 letter asking that he be allowed to keep his "NFL 401K that has nothing to do with this case and is the only retirement and asset that [he has] left," he has provided no basis for treating this account as exempt under 26 U.S.C. § 6334(a)(6).  To ensure that the procedure followed in this case is fair, the court will grant Harris 21 days from the date this memorandum opinion and order is filed to address in writing his grounds for challenging the government's position that his account is not the type of account that is exempt from garnishment.  This order does not, however, of itself abrogate the final order of garnishment filed on October 11, 2012.

\*     \*     \*

The court denies Harris' requests for a hearing, appointed counsel, and transfer.  The court grant Harris 21 days from the date this memorandum opinion and order is filed to address in writing his grounds for challenging the government's position that his account is not the type of account that is exempt from garnishment.

**SO ORDERED.**

November 19, 2012.


_____
SIDNEY A. FITZWATER
CHIEF JUDGE